IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | CRIMINAL NO. 11-420 |
| v. | : | |
| | | JOINT MOTION FOR A STIPULATED |
| | : | JUDICIAL ORDER OF REMOVAL |
| ALI CHARAF DAMACHE, | | |
| a/k/a "Theblackflag" | | |

Defendant Ali Charaf Damache, in his own right and by his counsel, Noah Gorson, and the United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, Jennifer Arbittier Williams, First Assistant United States Attorney, Sarah M. Wolfe, Assistant United States Attorney, and Matthew F. Blue and C. Alexandria Bogle, Trial Attorneys, Counterterrorism Section, Department of Justice, together jointly move for a Stipulated Judicial Order of Removal, and in support thereof hereby agree and stipulate pursuant to Section 238(c)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. §1228(c)(5), to the following:

1. The defendant, after consultation with counsel and understanding the legal consequences of doing so, knowingly and voluntarily waives his right to the notice and hearing requirements provided for in INA § 238(a)(c)(2), 8 U.S.C. § 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge the stipulated removal order entered by this Court.

2. The defendant further understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the INA, on the question of the defendant's inadmissibility to the United States. The defendant understands the rights he would possess in a contested removal proceeding and waives these rights, including his right to

1

examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

3. The defendant also understands and knowingly waives his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA and related federal regulations. These rights include, but are not limited to, the ability to apply for asylum; withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); protection from removal under the regulations implementing the U.S. obligations pursuant to Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment; cancellation of removal; adjustment of status to that of a lawful permanent resident; temporary protected status (TPS), to include *de novo* review of any denial or revocation of TPS; any waivers of inadmissibility under the INA; visa petitions; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

4. The defendant and the United States request that this Court enter an order finding the defendant inadmissible to the United States, pursuant to INA § 212(a)(3)(B)(i)(I), 8 U.S.C. § 1182(a)(3)(B)(i)(I), as described in INA §§ 212(a)(3)(B)(iv)(II), 8 U.S.C. § 1182(a)(3)(B)(iv)(II) (preparing or planning a terrorist activity); 212(a)(3)(B)(iv)(V), 8 U.S.C. § 1182(a)(3)(B)(iv)(V) (soliciting an individual to engage in terrorist activity); and 212(a)(3)(B)(iv)(VI)(bb), 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(bb) (providing material support to an individual who the actor knows or should reasonably know plans to commit a terrorist activity). The defendant and the United States further request that this Court order the defendant removed to Ireland, or in the alternative to Algeria or any other country prescribed by the immigration laws and regulations of the United States.

5. The facts in support of this request are as follows:

    a. The defendant is not a citizen or national of the United States.

    b. The defendant is a native of Algeria and a citizen of Ireland.

    c. Between 2008 and July 2011, the defendant provided, and conspired with others to provide, material support and resources to terrorists, knowing and intending that the material support and resources were to be used in preparation for and in carrying out violations of Title 18, United States Code, Section 956 (conspiracy to kill in a foreign country).

    d. The defendant devised and coordinated a violent-jihad organization consisting of men and women from Europe and the United States who were divided into a planning team, a research team, an action team, a recruitment team, and a finance team, some of whom would travel to South Asia for explosives training and return to Europe to commit terrorist acts against those the defendant described as "harming [I]slam."

    e. The defendant further trained a minor male child in the ways of violent jihad.

    f. The defendant recruited men online to commit terrorist acts in South Asia and Europe, and recruited women online who had passports and the ability to travel to and around Europe in support of terrorist acts.

    g. On or about July 28, 2011, the defendant was indicted in the Eastern District of Pennsylvania on charges of conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A (Count One), and attempted identity theft to facilitate an act of international terrorism, in violation of 18 U.S.C. §§ 1028(a)(2), (b)(4), (f), and 2 (Count Two). A superseding indictment was returned on or about October 20, 2011, adding Mohammad Hassan Khalid as a codefendant to the conspiracy charge in Count One.

   h. On or about July 21, 2017, the defendant was extradited to and paroled in the United States for criminal prosecution pursuant to the superseding indictment.

   i. The defendant is entering into these stipulations and submitting this joint motion as a condition of his plea agreement, in which he agrees to plead guilty to violating 18 U.S.C. § 2339A (conspiracy to provide material support to terrorists) (Count 1). As part of his plea agreement and this joint motion, the defendant further agrees to be sentenced to a 180-month term of imprisonment.

   j. At the time of sentencing in the instant criminal proceeding, the defendant concedes he will be subject to removal from the United States pursuant to INA § 212(a)(3)(B)(i)(I), 8 U.S.C. § 1182(a)(3)(B)(i)(I), as described in INA §§212(a)(3)(B)(iv)(II), 8 U.S.C. § 1182(a)(3)(B)(iv)(II) (preparing or planning a terrorist activity); 212(a)(3)(B)(iv)(V), 8 U.S.C. § 1182(a)(3)(B)(iv)(V) (soliciting an individual to engage in terrorist activity); and 212(a)(3)(B)(iv)(VI)(bb), 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(bb) (providing material support to an individual who the actor knows or should reasonably know plans to commit a terrorist activity).

   k. The defendant understands and acknowledges that upon this Court's issuance of an order of removal, he will be subject to removal upon completion of his sentence.

   l. The defendant knowingly admits that he has not been persecuted in, and has no present fear of persecution in Ireland, Algeria or any other country on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant knowingly admits that he has not been tortured in, and has no present fear of torture in Ireland, Algeria, or any other country.

  6. Accordingly, the defendant and the United States jointly request that the Court, after imposing a sentence, order the defendant removed from the United States, upon completion

of his prison sentence, to Ireland, his country of citizenship, or, in the event that Ireland refuses to permit the defendant entry or admission, to Algeria, his country of birth and citizenship, or to any other country prescribed by the immigration laws and regulations of the United States. Upon the defendant's satisfaction of his sentence, U.S. Immigration and Customs Enforcement will execute the order of removal in accordance with applicable laws and regulations.

7. The defendant and his counsel have read the instant Joint Motion for a Stipulated Judicial Order of Removal in its entirety and have carefully discussed the information contained herein. Counsel has clearly advised the defendant of his rights, possible defenses, and the immigration consequences of entering into this motion. The defendant is satisfied with the representation of his counsel in this matter. The defendant knowingly and voluntarily agrees to the terms of this motion.

_____
ALI CHARAF DAMACHE
Defendant

_____
NOAH GORSON
Counsel for Defendant

Date: July 19, 2018

WILLIAM M. MCSWAIN
United States Attorney

_____
JENNIFER ARBITTIER WILLIAMS
First Assistant United States Attorney
SARAH M. WOLFE
Assistant United States Attorney

_____
MATTHEW F. BLUE
C. ALEXANDRIA BOGLE
Trial Attorneys
Counterterrorism Section
U.S. Department of Justice

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 11-420 |
| v. | : | CONCURRENCE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT IN JOINT MOTION FOR A STIPULATED JUDICIAL ORDER OF REMOVAL |
| ALI CHARAF DAMACHE a/k/a "Theblackflag" | : : | |

## CONCURRENCE

On behalf of the Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security, and pursuant to the authority delegated to me in ICE Delegation Number 0001, I hereby concur in the request of the defendant, Ali Charaf Damache, and the United States Attorney that a stipulated judicial order of removal be issued in the instant case.

Dated: July 19, 2018

Marlon V. Miller
Special Agent in Charge
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
Philadelphia, Pennsylvania