# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA     :

          v.                  :      **CRIMINAL NO. 11-420**

ALI CHARAF DAMACHE,     :
    a/k/a "Theblackflag"

### GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.    The defendant agrees to plead guilty to Count One of the Superseding Indictment in this case, charging him with conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A (Count One), arising from his participation in a scheme to support, recruit, and coordinate members of a conspiracy in their plan to wage violent jihad in and around Europe. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2.    At the time of sentencing, the government will:

        a.    Move to dismiss Count Two of the Indictment as to this defendant. The defendant waives the statute of limitations as to this count to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if this count is otherwise reinstated under the terms of this agreement,

neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on this dismissed count.

b.     Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

c.     Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

3.     The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentences:   15 years' imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

4.     The defendant further understands that supervised release may be revoked if its terms and conditions are violated.   When supervised release is revoked, the original term of imprisonment may be increased by up to two years.   Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.   In addition, deportation or removal from the United States will be ordered as a result of conviction for these crimes.

- 2 -

5.     The parties agree that this plea agreement is made pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate

disposition of this case:  180 months of imprisonment, accompanied by a Stipulated Judicial

Order of Removal pursuant to section 238(c)(5) of the Immigration and Nationality Act (INA), 8

U.S.C. § 1228(c)(5), together resulting in the defendant's transfer without undue delay, upon

completion of the prison sentence, into immigration custody for uncontested removal from the

United States.  If the Court does not accept this plea agreement, then either the defendant or the

government will have the right to withdraw from the plea agreement and insist that the case

proceed to trial.

6.     The defendant has consulted with his attorney and hereby knowingly and willfully

consents to a Joint Motion for a Stipulated Judicial Order of Removal and the entry of a

Stipulated Judicial Order of Removal pursuant to Section 238(c)(5) of the Immigration and

Nationality Act (INA), 8 U.S.C. § 1228(c)(5) in this case.  The facts in support of the Stipulated

Judicial Order of Removal are as follows:

     a.     The defendant admits he is not a citizen or national of the United States.

     b.     The defendant admits he is a native of Algeria and citizen of Ireland.

     c.     The defendant admits he was extradited to and paroled into the United

        States on July 21, 2017, for criminal prosecution.

     d.     The defendant admits he is inadmissible to the United States pursuant to

        INA § 212(a)(3)(B)(i)(I), 8 U.S.C. § 1182(a)(3)(B)(i)(I), as an alien who

        engaged in terrorist activity, as described in INA §§ 212(a)(3)(B)(iv)(II), 8

        U.S.C. § 1182(a)(3)(B)(iv)(II) (relating to the preparing or planning of a

        terrorist activity); 212(a)(3)(B)(iv)(V), 8 U.S.C. § 1182(a)(3)(B)(iv)(V)

- 3 -

(relating to soliciting an individual to engage in terrorist activity); and

212(a)(3)(B)(iv)(VI)(bb), 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(bb) (relating to

providing material support to an individual who the actor knows or should

reasonably know plans to commit a terrorist activity).

e.     The defendant admits he is inadmissible to the United States because he:

　　　i.     between 2008 and 2011, provided, and conspired with others to

provide, material support and resources to terrorists, knowing and

intending that the material support and resources were to be used

in preparation for and in carrying out violations of Title 18, United

States Code, Section 956 (conspiracy to kill in a foreign country);

　　　ii.    devised and coordinated a violent-jihad organization consisting of

men and women from Europe and the United States who were

divided into a planning team, a research team, an action team, a

recruitment team, and a finance team, and that some members of

these teams would travel to South Asia for explosives training and

then to Europe for purposes of committing terrorist acts against

those the defendant described as "harming [I]slam;"

　　　iii.   trained a minor male child in the ways of violent jihad;

　　　iv.    recruited men online to commit terrorist acts in South Asia and

Europe; and

　　　v.     recruited women online who had passports and the ability to travel

to and around Europe in support of terrorist acts.

7.     The defendant further understands that, as a result of the Stipulated Judicial Order

- 4 -

of Removal, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration, the defendant shall be removed from the United States and returned to Ireland, his country of citizenship. In the event that Ireland refuses to permit the defendant entry or admission, then he shall be removed to Algeria, his country of birth and citizenship. In the event that Algeria refuses the defendant entry or admission, he shall be removed to any other country prescribed by the laws and regulations of the United States. The defendant further agrees as follows:

     a.    After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for in INA § 238(c)(2), 8 U.S.C. § 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the INA, on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested removal proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

     b.    The defendant also understands and knowingly waives the defendant's rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA and related federal regulations.

- 5 -

These rights include, but are not limited to, the ability to apply for asylum; withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); protection from removal under the regulations implementing the U.S. obligations pursuant to Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment; cancellation of removal; adjustment of status to that of a lawful permanent resident; temporary protected status (TPS), to include *de novo* review of any denial or revocation of TPS; any waivers of inadmissibility under the INA; visa petitions; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

c.      As part of this agreement, the defendant specifically acknowledges and states that he has not been persecuted in any country, and has no present fear of persecution in Ireland, Algeria or any other country on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that he has not been tortured in, and has no present fear of torture in Ireland, Algeria or any other country.

d.      The defendant hereby requests that an Order be issued by this Court for his removal to Ireland, his country of citizenship, or, in the event that Ireland refuses to permit the defendant entry or admission, to Algeria, his country of birth and citizenship, or to any other country prescribed by the immigration laws and regulations of the United States. The defendant

- 6 -

agrees to accept a written order of removal as final and binding both in this criminal case and in his immigration proceedings, and defendant waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

e.   The defendant hereby agrees to make the Stipulated Judicial Order of Removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6.

f.   The defendant agrees to assist ICE in the execution of his removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under INA § 243, 8 U.S.C. § 1253.

g.   The defendant concedes that the entry of the Stipulated Judicial Order of Removal renders him permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

h.    The parties agree that the Court's failure, for any reason, to enter the
judicial order of removal, shall make this plea agreement, and the
promises contained herein, null and void.

8.    The Eastern District of Pennsylvania and the National Security Division will not
oppose a request by the defendant to receive credit for time served abroad that was the direct
result of his extradition on these charges, as set forth in the attached letters ("Exhibits 1 and 2"),
and was not credited against another sentence, as set forth in 18 U.S.C. § 3585(b).

9.    The defendant agrees to pay the special victims/witness assessment in the amount
of $100 at such time as directed by the Court.

10.    The defendant understands, agrees, and has had explained to him by counsel that
by entering this plea agreement he is giving up the right to challenge the government's decision
to withhold production of classified information and to receive further pretrial discovery from
the government except as necessary to prepare for sentencing proceedings.

11.    If the Court accepts the agreement of the parties and imposes the sentence stated
in paragraph 5 of this agreement, the government agrees that it will not file any appeal of the
sentence in this case, and the defendant agrees that he voluntarily and expressly waives all rights
to appeal or collaterally attack the conviction, sentence, or any other matter relating to this
prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28
U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.    As part of this knowing and
voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the
defendant expressly waives the right to raise on appeal or on collateral review any argument that
(1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted
conduct does not fall within the scope of the statutes.    However, the defendant retains the right

- 8 -

to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

      12.     If the Court does not accept the recommendation of the parties to impose the sentence stated in paragraph 5 of this agreement, and the defendant nevertheless decides to enter a guilty plea, without objection by the government, then the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.   As part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

          a.     Notwithstanding the waiver provision in this paragraph, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

          b.     If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only a claim:

             i.     that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

             ii.     challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

             iii.     challenging a decision by the sentencing judge to impose an

- 9 -

"upward variance" above the final Sentencing Guideline range determined by the Court; and

iv.      that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal pursuant to this subparagraph, no issue may be presented by the defendant on direct appeal other than those described in this subparagraph.

13.     The defendant acknowledges that filing an appeal or any collateral attack waived in either of the two preceding paragraphs may constitute a breach of this plea agreement. The government promises that it will not declare a breach of the plea agreement on this basis based on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

14.     The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15.     The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining

to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

16.     The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

17.     It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

WILLIAM M. MCSWAIN
United States Attorney


ALI CHARAF DAMACHE
Defendant                        7/18/18

JENNIFER ARBITTIER WILLIAMS
First Assistant United States Attorney


NOAH GORSON
Counsel for Defendant

SARAH M. WOLFE
Assistant United States Attorney


MATTHEW F. BLUE
C. ALEXANDRIA BOGLE
Trial Attorneys
Counterterrorism Section
U.S. Department of Justice

Date: _____

- 11 -

to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

16. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

17. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

WILLIAM M. MCSWAIN
United States Attorney

________________________
ALI CHARAF DAMACHE
Defendant

________________________
JENNIFER ARBITTIER WILLIAMS
First Assistant United States Attorney

________________________
NOAH GORSON
Counsel for Defendant

________________________
SARAH M. WOLFE
Assistant United States Attorney

[signature]
MATTHEW F. BLUE
C. ALEXANDRIA BOGLE
Trial Attorneys
Counterterrorism Section
U.S. Department of Justice

Date: ________________________

Attachment

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

v.                              :        **CRIMINAL NO. 11-420**

ALI CHARAF DAMACHE,             :
a/k/a "Theblackflag"

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.    I understand that I do not have to plead guilty.

2.    I may plead not guilty and insist upon a trial.

3.    At that trial, I understand

a.    that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

b.    that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

c.    that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

d.    that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

e.    that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

f.    that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

       h.     that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

       4.     I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

       5.     I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

       6.     I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

       7.     Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

       8.     I am aware and have discussed with my attorney that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that, although the parties have agreed to a specific sentence as the appropriate disposition of this case, the Court has discretion to accept or reject the agreement. I further understand that if the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.


_____

ALI CHARAF DAMACHE
Defendant


_____

NOAH GORSON
Counsel for the Defendant


Dated: _____

# Exhibit 1

AN ROINN DLÍ agus CIRT agus
COMHIONANNAIS
*51 Faiche Stiabhna*
*Baile Átha Cliath 2*
Teileafón/Telephone: (01) 602 8762
Ríomhphoist/e-mail: aefarrell@justice.ie



**DEPARTMENT OF JUSTICE  and**
**EQUALITY**
*51 St. Stephen's Green*
*Dublin 2*
Facsuimhir/Fax: (01) 602 8750

Office of International Affairs
Criminal Division
Department of Justice
United States of America

**For the attention of Mr. David Silverbrand**

**Re:- Ali Charaf Damache**

Mr. Ali Charaf Damache was committed to Prison under an extradition warrant dated 27 February 2013 and was released by an Order of the High Court on 21 May 2015. The entire duration of incarceration was pursuant to the extradition request from the United States.

*Anne Farrell*

Anne Farrell
Criminal Mutual Assistance and
Extradition Division

14 May 2018

# Exhibit 2



**MINISTERIO
DE JUSTICIA**

SECRETARÍA DE ESTADO DE JUSTICIA

DIRECCIÓN GENERAL DE COOPERACIÓN JURÍDICA INTERNACIONAL Y RELACIONES CON LAS CONFESIONES

SUBDIRECCIÓN GENERAL DE COOPERACIÓN JURÍDICA INTERNACIONAL

## O   F   I   C   I   O

S/REF.   **Ali Charaf DAMACHE**

N/REF.   **Ext P-D. 1893-15**

FECHA   10 de mayo de 2018

ASUNTO   Extradition of Ali Charaf Damache
from Spain to the United States

Roberto Iraola
Senior Trial Attorney
Office of International Affairs
U.S. Department of Justice
1301 New York Avenue, NW
Washington, D.C. 20005

The Spain Ministry of Justice wishes to hereby inform that Ali Charaf Damache was arrested on 10 December 2015 on the basis of a Red notice and held on U.S. charges until he was extradited on 21 July 2017. Further, during his detention, Damache was not held on any Spanish charges and thus his detention was not credited to any other sentence.

DEPUTY DIRECTOR
INTENATIONAL LEGAL COOPERATION

Paula Monge

CORREO ELECTRÓNICO:
( D ) paula.monge@mjusticia.es

SAN BERNARDO, 62
28015 MADRID
Tfno. 34913902479